UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK HAGGERTY,<br><br>            Plaintiff,<br><br>v.<br><br>SIRY INCORPORATED, dba SIRY AUTO GROUP; REZA SIRY; and JOHN SIRY,<br><br>            Defendants<br><br>AND RELATED COUNTERCLAIMS. | Case No.:  3:20-cv-2526-CAB-WVG<br><br>**ORDER GRANTING MOTION TO DISMISS [Doc. No. 41] AND DENYING AS MOOT COUNTER MOTION FOR SUMMARY JUDGMENT [Doc. No. 48]** |

On December 20, 2021, a telephonic hearing was held regarding Defendant's motion to dismiss the amended complaint [Doc. No. 41] and Plaintiff's counter motion for summary judgment [Doc. No. 48].  Plaintiff Patrick Haggerty appeared *pro se*. Christopher Holt, Esq., appeared on behalf of Defendant/Counterclaimant Siry, Incorporated dba Siry Auto Group.  For the reasons set forth below, the motion to dismiss is **GRANTED** and the counter motion for summary judgment is **DENIED AS MOOT**.

BACKGROUND

On July 10, 2020, Plaintiff signed a contract to purchase a 2014 Toyota Avalon from Defendant for $18,065.26. Under the terms of the contract, Plaintiff was to pay a $4,000 deposit (of which only $3,000 was paid) and would take possession of the car

1

while Defendant attempted to assign the contract to a financing company. If the contract could not be assigned, Defendant had the right to cancel it and Plaintiff would be required to immediately return the car and would be liable for the costs of recovery if he did not.

When no finance company would accept assignment of the contract, Defendant notified Plaintiff that it was exercising its right to cancel the contract and the car should be returned. Instead of returning the car, Plaintiff sent a letter that asserted debt-related legal theories. After several weeks of letter and phone calls, Plaintiff had still not returned the car or addressed the cancelation of the contract. Defendant hired a towing service to recover the car.

Plaintiff filed a complaint asserting that he had a right to keep the vehicle and asserting causes of action for fraudulent misrepresentation; theft of public funds; breach of contract; restraint on commerce and trade; violation of the Fair Debt Collection Practices Act; violation of the Truth In Lending Act; and negligent misrepresentation. Defendant filed a motion for judgment on the pleadings. [Doc. No. 27.] In response, Plaintiff asked for leave to file an amended complaint [Doc. No. 37], which the Court granted on October 18, 2021 [Doc. No. 39].

On October 18, 2021, Plaintiff filed the Amended Complaint. [Doc. No. 40.] On November 9, 2021, Defendant filed a motion to dismiss the Amended Complaint. [Doc. No. 41.] On November 18, 2021, Plaintiff filed an opposition to the motion to dismiss. [Doc. No. 45], which was later withdrawn and replaced by a corrected opposition [Doc. Nos. 51, 52]. On November 30, 2021, Defendants filed a reply. [Doc. No. 47.] On December 1, 2021, Plaintiff filed a Counter Motion for Summary Judgment. [Doc. No. 48.]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly (Twombly)*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678 (2009); *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678*; Cook*, 637 F.3d at 1004; *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964.

## DISCUSSION

A. Equal Credit Opportunity Act.

Plaintiff asserts in his first cause of action that Defendant violated the Equal Credit Opportunity Act ("ECOA")(15 U.S.C. §1691 et seq.) by discriminating against him (15 U.S.C. §1691 subd. (a)) and by failing to send notice of an adverse action (15 U.S.C. §1691(d)).  There are no fact allegations to support the conclusory allegations that Defendant discriminated against Plaintiff on the basis of race or religion.  Moreover, Defendant is not a "creditor" for purposes of the ECOA provision.  *See Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 979 (7th Cir. 2004).  Accordingly, the motion to dismiss the first cause of action is **GRANTED WITHOUT LEAVE TO AMEND.**

B. Truth In Lending Act.

Plaintiff's second cause of action asserts a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601. However, Plaintiff's conclusory allegations are either contradicted by the actual terms of the Sales Contract[1] or are not relevant to the Truth In Lending Act. Accordingly, the motion to dismiss the second cause of action is **GRANTED WITHOUT LEAVE TO AMEND**.

C. Federal Fair Debt Collection Practices Act.

Plaintiff's third cause of action asserts violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. However, Defendant is not a "debt collector" as defined by the FDCPA, because Defendant is alleged by Plaintiff to have been collecting its own debt. *See* 15 U.S.C. §1692(4); *Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718, 1721-22 (2017). Accordingly, the motion to dismiss the third cause of action is **GRANTED WITHOUT LEAVE TO AMEND**.

D. Federal Trade Commission Regulations.

Plaintiff's fourth cause of action alleges Defendant violated a number of FTC regulations found at Title 16, Chapter I, Subchapter D of the Code of Federal Regulations. However, each alleged violation is contradicted by the terms of the Sales Contract. *Sprewell*, 266 F.3d at 988. Accordingly, the motion to dismiss the fourth cause of action is **GRANTED WITHOUT LEAVE TO AMEND**.

/ / / / /

/ / / / /

/ / / / /

---

[1] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)(Documents whose contents are alleged in a complaint and whose authenticity is not questioned by either party may be considered by a court ruling on a Rule 12(b)(6) motion to dismiss).

E. State law claims.

Having dismissed Plaintiff's federal claims, the Court's "decision of whether to exercise supplemental jurisdiction over the remaining state law claims 'is purely discretionary.'" *Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG (CAB), 2011 WL 3489955, at *4 (S.D. Cal. Aug. 9, 2011) (*quoting Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)); *see also Holt v. First Franklin Fin. Corp.*, No. C 10-5929 SBA, 2011 WL 4595195, *4 (N.D. Cal. Sept. 30, 2011) ("When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.") (citing 28 U.S.C. § 1367(c)(3)).

Here, because the Court is dismissing all the federal claims in the earlier stages of the litigation, it is more appropriate to decline supplemental jurisdiction over the state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (holding that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'") (*quoting* 28 U.S.C. § 1367(c)(3)). Plaintiff remains free to pursue any appropriate state law claims for relief in state court, as does Defendant/Counterclaimant.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED:**

1. Defendant's motion to dismiss the federal claims (first through fourth causes of action) is **GRANTED WITHOUT LEAVE TO AMEND**;

2. Because the Court declines supplemental jurisdiction over any remaining state law claims, those claims are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's ability to pursue them in state court;

3. The Counter motion for summary judgment is **DENIED AS MOOT**;

4. Defendant/Counterclaimant's Counter Claim is also **DISMISSED WITHOUT PREJUDICE** to being pursued in state court;

5. The Clerk of Court shall **CLOSE** the case.

**IT IS SO ORDERED**.

Dated:  December 20, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge